# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 96 C 3915 | DATE | 3/19/2001 |
| CASE TITLE | Bixby's Food Systems, Inc. vs. Jan and Phillip McKay | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Counterdefendant Ken Miyamoto's "Motion to Dismiss" [145-1] is denied.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 20 2001 | |
| | Notified counsel by telephone. | | date docketed | 162 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| courtroom deputy's initials KM | | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BIXBY'S FOOD SYSTEMS, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JAN AND PHILLIP McKAY, ) <br> ) <br> Defendants. ) <br> ———————————————— ) <br> ) <br> JAN AND PHILLIP McKAY, ) <br> ) <br> Counterplaintiffs, ) <br> ) <br> v. ) <br> ) <br> BIXBY'S FOOD SYSTEMS, INC., ) <br> KEN MIYAMOTO, MIKE STOPULOS, ) <br> MARY FRAN STOPULOS, ALLEN FREED, ) <br> LEE STAAK and JEFF SCHUETT ) <br> ) <br> Counterdefendants. ) | Case No. 96 C 3915 <br><br> Magistrate Judge Nan R. Nolan |

## MEMORANDUM OPINION AND ORDER

Jan and Phillip McKay (the "McKays"), franchisees of a Bixby's Bagel Co. restaurant, brought numerous counterclaims against Bixby's Food Systems ("Bixby's"), the franchisor, and various individuals, including Ken Miyamoto ("Miyamoto"). Miyamoto was at all relevant times the president, treasurer, and a director of Bixby's. Miyamoto is the only remaining counterdefendant, and he now moves to dismiss[1] the McKays' counterclaim based on the Illinois Franchise Disclosure

---

[1] Ken Miyamoto mistakenly styled his motion as a motion to dismiss. At the February 18, 2000 status hearing, Miyamoto stated that he intended to file a dispositive motion pursuant to Rule 56, and the Court set a briefing schedule on "cross-motions for summary judgment." The Court thereafter extended the deadline for filing "cross-motions for summary judgment." Both sides relied on matters outside the pleadings in briefing Miyamoto's motion. Neither party will be surprised or

Act (the "Franchise Act" or the "Act").[2] Miyamoto's motion is denied.

The McKays contend, among other things, that Miyamoto violated Section 6 the Franchise Act by making untrue statements of material fact in connection with Bixby's sale of a bagel restaurant franchise to the McKays.[3] Miyamoto argues that the McKays' counterclaim is barred by the one-year time limitation of section 705/27 of the Act. Franchise Act claims are time barred "unless brought before . . . the expiration of one year after the franchisee becomes aware of facts or circumstances reasonably indicating that he may have a claim for relief in respect to conduct governed by this Act . . . ." 815 ILCS 705/27. "The Illinois courts have promulgated a lenient discovery rule [for the Franchise Act]: the statute of limitations is triggered when the plaintiff presents facts reasonably indicating a claim to his or her attorney." Pyramid Controls Inc. v. Siemens Industrial Automation, Inc., 172 F.3d 516, 520 (7th Cir. 1999).

The parties dispute when the one-year time limitation begins to run. Miyamoto emphasizes that Phillip McKay testified that by the summer of 1995 he felt "defrauded" and "cheated" by

---

prejudiced by the Court treating Miaymoto's motion as one for summary judgment. The Court also notes that neither party provided local rule statements of fact. Given that both parties have provided evidence from which material facts can be determined, the Court will forgo the requirement of local rule statements and construe the parties' submissions liberally.

[2] Miyamoto purports to bring his motion on behalf of himself and Bixby's, a corporation. The Court disregards Miyamoto's arguments on behalf of Bixby's because Bixby's was defaulted and the default has not been vacated. In addition, Miyamoto cannot proceed on behalf of Bixby's. Miyamoto is pro se and a corporation may only be represented in federal court by a licensed attorney. Mendenhall v. Goldsmith, 59 F.3d 685, 687 n.1 (7th Cir. 1995); Scandia Down Corp. v. Euroquilt, Inc., 772 F.2d 1423, 1427 (7th Cir. 1985).

[3] Section 6 of the Franchise Act provides in relevant part: "In connection with the offer or sale of any franchise made in this State, it is unlawful for any person, directly or indirectly, to: (a) employ any device, scheme, or artifice to defraud; (b) make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . ." 815 ILCS 705/6.

-2-

Miyamoto and Bixby's and he was then aware that the estimated initial investment costs were higher than initially disclosed. Phillip McKay dep., pp. 33-34, 45-47, 85-90. When the McKays possessed the requisite factual knowledge is not alone determinative of when the limitations clock starts to run. Illinois law gives franchisees a chance to consult with an attorney. Resolution of the statute of limitations issue also turns on when the McKays acquired the requisite legal knowledge by presenting sufficient facts to their attorney.

It is uncontroverted that Phillip McKay consulted his attorney in late summer 1995 regarding the fact that the cost of his franchise had almost tripled compared to the costs disclosed to him. Phillip McKay dep., pp. 9-10. It is further admitted that on February 26, 1996, the McKays' attorney wrote a letter to Bixby's counsel in which the McKays' attorney accused Bixby's and Miyamoto of numerous misrepresentations with respect to the franchise agreement. The McKays' Response, Exh. C. The current record does not reveal any contact between the McKays and their attorney between late summer 1995 and February 26, 1996. Without more, the fact that the McKays experienced costs that tripled the "expected" and "estimated" initial investment costs disclosed in the franchise offering circulars was not enough to indicate a Franchise Act claim to their attorney in late summer 1995. The McKays claim that neither they nor their attorney had knowledge of sufficient facts to reasonably believe the Act had been violated on February 26, 1996. The Court need not decide this issue because even if the McKays' counterclaim accrued as early as February 26, 1996, it was timely filed by operation of an Illinois tolling provision.

The McKays filed their counterclaim against Miayamoto on March 17, 1997, which is more than one year after the McKay's attorney accused Bixby's and Miyamoto of various misrepresentations in connection with the franchise agreement. However, on October 11, 1996, Magistrate Judge Bobrick stayed "all matters" in this case, including the filing of an answer by the

McKays, pending settlement efforts. On November 13, 1996, Judge Bobrick granted the McKays an extension of time to answer or otherwise plead to the complaint by November 27, 1996. On December 4, 1996, the McKays moved for leave to file an answer, affirmative defenses, and counterclaims. The McKays' motion was granted on March 17, 1997.

The Illinois "stay of action" statute tolled the limitations period on the McKays' counterclaim. Illinois law provides: "When the commencement of an action is stayed by injunction, order of a court, or statutory prohibition, the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the action." 735 ILCS 5/13-216. By issuing a stay of all matters, including the filing of an answer, the statute of limitations on the McKays' counterclaim was tolled until the stay was lifted. It is not clear from the docket when the stay was lifted, but it was lifted no earlier than November 13, 1996, when Judge Bobrick granted the McKays until November 27, 1996 to file an answer. Because the statute of limitations was tolled from October 11, 1996 to November 13, 1996, the time between October 11, 1996 to November 13, 1996 does not count in the calculation. Accordingly, the counterclaim was timely filed on March 17, 1996 even if the McKays had the requisite knowledge as early as February 26, 1996. Miyamoto's "Motion to Dismiss" is denied.

ENTER:

*Nan R. Nolan*
**Nan R. Nolan**
**United States Magistrate Judge**

Dated: Mar 19, 2001