Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 3915 | **DATE** | 5/2/2001 |
| **CASE TITLE** | Bixby's Food Systems, Inc. vs. Jan and Phillip McKay | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: This matter is before the Court on the issue of whether the McKays' requests to admit directed to Miyamoto should be deemed admitted or withdrawn. Because Miyamoto failed to respond to the requests to admit and they were not withdrawn, the requests to admit are deemed admitted pursuant to Federal Rule of Civil Procedure 36. The McKays are given leave to file a motion for summary judgment by May 15, 2001. Miyamoto is given until May 29, 2001 to respond to summary judgment. The McKays may file a reply brief by June 8, 2001. The Court will rule by mail.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAY 0 3 2001 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 167 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| KMc courtroom deputy's initials | | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BIXBY'S FOOD SYSTEMS, INC. | ) |
| Plaintiff, | ) |
| v. | ) |
| JAN AND PHILLIP McKAY, | ) Case No. 96 C 3915 |
| Defendants. | ) Magistrate Judge Nan R. Nolan |
| JAN AND PHILLIP McKAY, | ) |
| Counterplaintiffs, | ) |
| v. | ) |
| BIXBY'S FOOD SYSTEMS, INC., KEN MIYAMOTO, MIKE STOPULOS, MARY FRAN STOPULOS, ALLEN FREED, LEE STAAK and JEFF SCHUETT | ) |
| Counterdefendants. | ) |

DOCKETED
MAY 03 2001

## MEMORANDUM OPINION AND ORDER

Counterplaintiffs Jan and Phillip McKay (the "McKays") previously moved for summary judgment against counterdefendant Ken Miyamoto ("Miyamoto") on their four remaining counterclaims. The McKays' local rule statement of uncontested facts relied heavily on requests to admit which Miyamoto failed to respond to. Miyamoto, proceeding pro se, responded by relying on an affidavit from his former counsel Mark Lee. Lee stated in his affidavit that after correspondence and conversations with the McKays' attorneys, he understood that the McKays had withdrawn their requests to admit and that responses would not be required from any counterdefendant. The McKays maintained that Lee's assertion was "patently false." Given the importance of the requests to admit

167

to resolution of the summary judgment motion, the Court denied the McKays' motion for summary judgment against Ken Miyamoto without prejudice to reassertion after the Court determined whether the requests to admit were admitted or withdrawn. This matter is now before the Court on the issue of whether the McKays' requests to admit directed to Miyamoto should be deemed admitted or withdrawn. Both sides were given an opportunity to provide the Court with written submissions supporting their respective positions. The Court has reviewed the written submissions, including the affidavits, and issues the following ruling.

On April 14, 1998, the McKays' counsel served over 250 requests to admit on Miyamoto's counsel. On April 16, 1998, Magistrate Judge Bobrick ordered plaintiff/counterdefendants to respond to the requests to admit by June 23, 1998. On June 11, 1998, Judge Bobrick granted plaintiff/counterdefendants' counsel leave to withdraw. That same day, Judge Bobrick gave plaintiff/counterdefendants until July 27, 1998 to obtain new counsel and stayed discovery responses until then. On July 1, 1998, the case was reassigned to this Court's calendar. On July 21, 1998, this Court set an initial status conference for August 6, 1998. On August 5 or 6, 1998, Mark W. Lee entered an appearance on behalf of plaintiff/counterdefendants. On August 6, 1998, this Court ordered plaintiff/counterdefendants to answer all outstanding discovery within 30 days.

On September 27, 1998, Patrick M. Griffin, one of the attorneys representing the McKays, contacted Lee by telephone to determine the status of outstanding discovery. Griffin Affidavit ¶ 3. According to Griffin, he advised Lee during that conversation that he would not object to an extension of time for Lee's clients to answer the interrogatories and requests to produce but his clients would not agree to an extension of time regarding the requests to admit. Id. Lee advised Griffin that he thought the requests to admit were overly-burdensome and potentially subject to a motion to strike. Id. ¶ 4.

Griffin responded that the Court would have to decide whether Lee was entitled to any relief with respect to the requests to admit. Id. Griffin's letter to Lee dated September 28, 1998 summarizes their conversation of the previous day. Id. ¶ 5. In his letter, Griffin confirms that his clients would not agree to extend the due date for the requests to admit. Griffin Affidavit, Exh. A.

By letter dated September 29, 1998, Lee responded to Griffin's letter. Griffin Affidavit, Exh. B. Lee wrote that he did not believe Griffin's letter accurately reflected their conversation. Id. Lee stated in his letter that the extension of time regarding discovery responses granted by Griffin "did not exclude the requests to admit." Id. Lee further stated: "Of even greater concern to me, is your statement yesterday that the requests to admit were 'off the table,' that you did not expect responses by October 9, 1998, that you recognize the requests to admit were controversial, and that should we be unable to resolve the problem we could discuss the matter with the judge." Id.

On September 29, 1998, Griffin sent a letter responding to Lee's letter of the same day. Griffin Affidavit Exh. C. In his letter, Griffin reiterated that the McKays were not willing to agree to additional time for responses to the requests to admit. Id. Griffin indicated that he did state the requests to admit were "off the table" and that the Court would have to decide whether to allow additional response time. Id. Griffin further stated that he was not willing "to waive any of [his] clients' rights arising out of the fact that we have still not received responses to Requests to Admit." Id.

On October 7, 1998, Griffin received a letter from Lee indicating that settlement discussions were taking place among the parties. Griffin Affidavit ¶ 8. In light of these discussions, Lee requested an extension of 7 days to respond to discovery. Griffin Affidavit Exh. D. Lee represented that if the case did not settle, plaintiff/counterdefendants would complete discovery responses and deliver them

to Griffin by October 16, 1998. Id.

The next day, Griffin responded to Lee's letter of October 7, 1998. Griffin Affidavit Exh. E. Griffin's letter stated that his clients were unwilling to allow an additional extension of time beyond the previously agreed date of October 9, 1998. Id. Griffin confirmed that the extension until October 9, 1998 was only for responses to interrogatories and requests to produce documents. Id. In his current affidavit, Griffin states: "At no time did I ever state, suggest, imply or otherwise intimate to anyone, including any current or former party to this case, or any of their agents or representatives, either in writing, verbally or otherwise, that any requests to admit, including the Requests to Admit directed to Ken Miyamoto, were withdrawn, or that responses would not be required of any Counterdefendants." Griffin Affidavit ¶ 10. Eugene F. Friedman, another attorney representing the McKays, similarly declares:

> At no time did I state or imply in writing, verbally or otherwise to anyone, including in particular Mr. Lee or any other agent or representative of Mr. Miyamoto or to Mr. Miyamoto himself, that Mr. Miyamoto did not need to respond to the FIRST REQUESTS TO ADMIT directed to him or that such FIRST REQUESTS TO ADMIT were withdrawn. Further, I never stated or implied to anyone including in particular Mr. Lee or any other agent or representative of Mr. Miyamoto or to Mr. Miyamoto himself in writing, verbally or otherwise, that I or anyone else in behalf of Counterplaintiffs had withdrawn the FIRST REQUESTS TO ADMIT or that responses to such FIRST REQUESTS TO ADMIT would not be required from Miyamoto.

Friedman Declaration ¶ 4.

According to Lee, he had discussions with the McKays' counsel after he appeared for a status conference on August 6, 1998. Lee Affidavit ¶ 2. Lee states that he told the McKays' counsel that the requests to admit were burdensome and objectionable. Id. Lee claims that he was assured that he could have as much time as needed to respond to the requests to admit. Id. Lee further states that he subsequently discussed the discovery with Griffin in a telephone call and that Griffin "agreed to

-4-

withdraw the Requests for Admissions, at least temporarily." Lee Affidavit ¶ 3. According to Lee, his letter dated October 9, 1998 confirms the fact that Griffin agreed to withdraw the requests to admit. Id. Lee fails to attach a copy of his October 9, 1998 letter to his affidavit. Lee states that he and Griffin agreed to discuss the matter with the Court if they were unable to come to a resolution. Lee's affidavit states next:

> I was shocked when Mr. Griffin attempted to renege on his agreement and telephoned him and told him that I was going to hold him to his word. I reminded him of that obligation and of the discussions we had in Chicago in other conversations we had around the time of the correspondence submitted to the Court. At the conclusion of these discussions and correspondence, I understood that Mr. Griffin was to send me a letter renewing his purported right to answers to the Requests for Admissions. Since I did not receive any further demands, and since all the other counterdefendants cases were resolved without any mention of the Requests for Admission, it was a dead issue.

Id. Lee concludes his affidavit by stating that he would not have ignored pending requests to admit. Id. ¶ 4.

The Court finds Griffin and Friedman credible and accepts their explanation that the McKays did not withdraw the requests to admit directed to Miyamoto. Lee's explanation is incredible because it lacks corroboration. Lee produced no correspondence confirming his understanding that the McKays withdrew their requests to admit. Given Griffin's repeated unwillingness to extend the due date for responses to the requests to admit, it is unbelievable that Griffin agreed to withdraw them. In fact, Griffin told Lee that he refused to waive his clients' rights arising out of the fact that no responses to requests to admit were provided. Lee's affidavit is vague and unclear regarding the occasion when Griffin allegedly agreed to withdraw the requests to admit, "at least temporarily." Lee specified no date when the conversation occurred, offered no other details regarding the conversation, and provided no documentation corroborating his recollection. Without other evidentiary support, the Court does not find Lee's version credible. Because Miyamoto failed to respond to the requests to admit and they

withdraw the Requests for Admissions, at least temporarily." Lee Affidavit ¶ 3. According to Lee, his letter dated October 9, 1998 confirms the fact that Griffin agreed to withdraw the requests to admit. Id. Lee fails to attach a copy of his October 9, 1998 letter to his affidavit. Lee states that he and Griffin agreed to discuss the matter with the Court if they were unable to come to a resolution. Lee's affidavit states next:

> I was shocked when Mr. Griffin attempted to renege on his agreement and telephoned him and told him that I was going to hold him to his word. I reminded him of that obligation and of the discussions we had in Chicago in other conversations we had around the time of the correspondence submitted to the Court. At the conclusion of these discussions and correspondence, I understood that Mr. Griffin was to send me a letter renewing his purported right to answers to the Requests for Admissions. Since I did not receive any further demands, and since all the other counterdefendants cases were resolved without any mention of the Requests for Admission, it was a dead issue.

Id. Lee concludes his affidavit by stating that he would not have ignored pending requests to admit. Id. ¶ 4.

The Court finds Griffin and Friedman credible and accepts their explanation that the McKays did not withdraw the requests to admit directed to Miyamoto. Lee's explanation is incredible because it lacks corroboration. Lee produced no correspondence confirming his understanding that the McKays withdrew their requests to admit. Given Griffin's repeated unwillingness to extend the due date for responses to the requests to admit, it is unbelievable that Griffin agreed to withdraw them. In fact, Griffin told Lee that he refused to waive his clients' rights arising out of the fact that no responses to requests to admit were provided. Lee's affidavit is vague and unclear regarding the occasion when Griffin allegedly agreed to withdraw the requests to admit, "at least temporarily." Lee specified no date when the conversation occurred, offered no other details regarding the conversation, and provided no documentation corroborating his recollection. Without other evidentiary support, the Court does not find Lee's version credible. Because Miyamoto failed to respond to the requests to admit and they

were not withdrawn, the requests to admit are deemed admitted pursuant to Federal Rule of Civil Procedure 36.

Having determined the effect of the requests to admit, the McKays are given leave to file a motion for summary judgment by May 15, 2001. Miyamoto is given until May 29, 2001 to respond to summary judgment. The McKays may file a reply brief by June 8, 2001. The parties may refile their prior summary judgment pleadings if they desire. The Court will rule by mail.

On a related note, Miyamoto is proceeding pro se. Accordingly, the Court hereby gives notice to Miyamoto in accordance with the requirements of Timms v. Frank, 953 F.2d 281 (7th Cir. 1992). Timms held that pro se litigants are entitled to notice of the consequences of failing to respond properly to a summary judgment motion. Movants should include such notice with their motion for summary judgment. If they fail to do so, the responsibility for providing notice falls on the court.

To comply with Timms, the Court now notifies Miyamoto that under the Federal Rules of Civil Procedure and the Local Rules, the Court will take as true any factual allegation, supported by admissible evidence, submitted by the McKays, unless Miyamoto submits affidavits or other documentary evidence contradicting those factual allegations. In responding to the summary judgment motion, Miyamoto cannot rely on the allegations in his brief but must produce evidence to contradict the facts asserted by McKays. Affidavits submitted by Miyamoto must contain sworn statements based on personal knowledge of the affiant and must show that the affiant is competent to testify about the statements. Federal Rule of Civil Procedure 56(e) explains these requirements as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for

summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Miyamoto is also notified that he must comply with Northern District of Illinois Local Rule 56.1 in responding to the McKays' summary judgment motion. Rule 56.1 lays out requirements that apply to both to the moving party and opposing party. Rule 56.1(b)(3)(a) requires that Miyamoto respond to each numbered paragraph in the McKays' statement of facts, including in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon. Any factual assertion contained in the McKays' statement of facts which is not disputed by Miyamoto will be deemed admitted. See LR 56.1(b)(3)(B). Enclosed with this order are copies of Local Rules 56.1 and 56.2 governing summary judgment motions.

ENTER:

Nan R. Nolan
United States Magistrate Judge

Dated: May 2, 2001